**In re KRAMER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93-24266.

Decided June 28, 1995.

*Beth Ann Kolotkin* and *Michael Dale Falleur*, for the claimant.

*Betty D. Montgomery*, Attorney General, for the state.

SCHOEMAKER, Judge.

This matter came on to be considered upon applicant's appeal from the January 20, 1995 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, denying applicant's claim for an award of reparations.

R.C. 2743.52 places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant failed to present sufficient evidence to meet his burden.

The single commissioner had denied applicant's claim pursuant to R.C. 2743.60(A) because the commissioner found the applicant, George H. Kramer, failed to prove, by a preponderance of the evidence, that he reported the criminally injurious conduct to an appropriate law enforcement authority within seventy-two hours of its occurrence.

Counsel for the applicant argued at the judicial hearing that the matter was reported to the appropriate county children services board pursuant to R.C. 2151.421, and that report should qualify as reporting to a law enforcement agency. The Attorney General argued that a reporting of an incident to a county children services board is not reporting to a law enforcement agency.

R.C. 2743.60(A) states:

"Neither a single commissioner nor a panel of court of claims commissioners shall make an award of reparations to any claimant who, if the victim of the criminally injurious conduct was an adult, did not file an application for an award of reparations within two years after the date of the occurrence of the criminally injurious conduct that caused the injury or death for which the victim is seeking an award of reparations or who, if the victim of that criminally injurious conduct was a minor, did not file an application for an award of reparations within the period provided by division (C)(1) of section 2743.56 of the Revised Code. An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which the claimant bases a claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy–two hour period."

R.C. 2151.421(F) provides as follows:

"The county department of human services or children services board shall investigate, within twenty–four hours, each report of known or suspected child abuse or child neglect * * * that is referred to it under this section to determine the circumstances surrounding the injuries, abuse, or neglect, * * * the cause of the injuries, abuse, or neglect, and the person or persons responsible. The investigation shall be made in cooperation with the law enforcement agency. * * * The county department of human services or children services board shall report each case to a central registry which the state department of human services shall maintain in order to determine whether prior reports have been made in other counties concerning the child or other principals in the case. *The department or board shall submit a report of its investigation, in writing to the law enforcement agency.*

"The county department of human services or children services board shall make any recommendations to the county prosecutor or city director of law that

it considers necessary to protect any children that are brought to its attention." (Emphasis added.)

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Upon review of the file and the facts established in this matter, the court finds that reporting incidents of sexual abuse to the county children services board consistent with R.C. 2151.42 does meet the reporting requirement of R.C. 2743.60(A).

Therefore, based upon the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel and grants the applicant's award of reparations in the amount of $880 for unreimbursed economic loss.

Upon review of the evidence, the court finds that the order of the panel of commissioners shall be reversed, and the applicant's appeal is granted.

IT IS HEREBY ORDERED THAT:

1. The order of January 20, 1995 is REVERSED;

2. This claim is GRANTED and judgment is rendered against the state of Ohio in the amount of $880;

3. The clerk shall certify this judgment to the Director of Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4. The order is entered without prejudice to applicant's right to file a supplemental reparations application pursuant to R.C. 2743.68;

5. Costs assumed by the reparations fund.

*So ordered.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.