[Cite as *In re McCray*, 2010-Ohio-2645.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
http://www.cco.state.oh.us

IN RE: ANGELA J. MC CRAY

ANGELA J. MC CRAY

       Applicant

Case No. V2009-40226

Commissioners:
Randi M. Ostry, Presiding
Elizabeth Luper Schuster

OPINION OF A TWO-COMMISSIONER PANEL

---

{¶ 1} The appeal before this panel involves whether the applicant, Angela McCray, timely reported the crime to law enforcement within seventy-two hours of its occurrence as is required by R.C. 2743.60(A) or established good cause for failure to report the incident within the seventy-two hour period. While we cannot find that the applicant reported the incident to law enforcement within seventy-two hours, we do find that the applicant has shown good cause and accordingly the Attorney General's decision should be reversed.

*I. Procedural History*

{¶ 2} On August 1, 2008, the applicant filed a compensation application as the result of a series of domestic violence incidents. On November 26, 2008, the Attorney General issued a finding of fact and decision denying the applicant's claim based upon R.C. 2743.60(A), failure to report the criminal incident within seventy-two hours or show good cause for a failure to report. On December 17, 2008, the applicant filed a request for reconsideration. On February 17, 2009, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. Furthermore, the Attorney General's investigation revealed the criminal conduct was not reported to law

enforcement until December 17, 2008, almost six months after the last incident of May 27, 2008. On March 17, 2009, the applicant filed a notice of appeal from the February 17, 2009 Final Decision of the Attorney General. The hearing was held before this panel of commissioners on December 17, 2009 at 10:30 A.M.

*II. Applicant's Position*

**{¶ 3}** The applicant, Angela McCray, her attorney, Philip Sheridan and Assistant Attorney General Tyler Brown attended the hearing and presented testimony and oral arguments for the panel's consideration. The applicant contends that contrary to the Attorney General's allegations she did report the incidents of domestic violence to police. In response to the domestic violence the applicant successfully obtained a civil protection order (CPO) against her husband, the offender. When the CPO was violated the offender was arrested and prosecuted. Furthermore, the police were aware of the situation in that approximately four to five days after the domestic violence incident involving the applicant, police were called to her residence to break up an altercation between the offender and the couple's adult son. That incident was triggered by the offender's violation of the CPO and resulted in the arrest of the adult son for domestic violence. In the subsequent divorce action the offender was ordered to wear an ankle bracelet in order to ensure that he did not approach the applicant.

**{¶ 4}** The applicant asserts that the criminally injurious conduct was reported orally to the police, however, the police refused to memorialize that contact in writing. Finally, due to the offender's association with police over the years, the police acted as if the applicant was the problem, not the offender.

*III. Attorney General's Position*

**{¶ 5}** The Attorney General asserted that the date of the alleged incident was May 27, 2008; however, no police report referencing that date could be located. After the applicant's compensation claim was denied, the applicant then reported the May 27, 2008 incident to police. However, over six months elapsed from the date of the incident to the date of the report. The only reason the applicant asserted for her failure

to report the incident was her lack of knowledge that the incident must be reported in order to receive compensation. This excuse does not constitute good cause under the statute, and accordingly, the Attorney General's Final Decision should be affirmed.

*IV. Witness Testimony and Argument*

**{¶ 6}** The applicant first called Nicole Bell. Ms. Bell testified that she worked as a court advocate for the Lancaster City's Prosecutor's Office through The Lighthouse, Lancaster's Battered Women's Shelter and Child Advocacy Center. Ms. Bell became aware of the applicant because the applicant was a complaining witness in a domestic violence case. She first met with the applicant in December 2008. Ms. Bell testified that she knew the applicant had been a victim of domestic violence since 1991. Ms. Bell also stated that from a review of the records, numerous contacts with the applicant occurred with her office with some resulting in CPO's being issued.

**{¶ 7}** The witness was shown Applicant's Exhibit 1, case notes the witness had produced evidencing her involvement with the applicant. The case notes reflect that a CPO was issued against the offender, the CPO was violated, and the offender was charged and convicted of violating the CPO. Ms. Bell related that she was present at the arraignment and sentencing of the offender. Ms. Bell also recounted that she gained additional insight into this situation by attending the arraignment of the applicant's son. Information presented at the arraignment was also utilized when the applicant subsequently sought a CPO against the offender. The offender was in violation of a stay away order granted at the initiation of the divorce proceedings at the time of the altercation with his adult son.

**{¶ 8}** Ms. Bell also had conversations with the applicant wherein she told the applicant that criminal incidents need to be reported to police in order to be eligible for compensation. The applicant expressed her frustration with the Lancaster Police Department in not taking her reports. Consequently, Ms. Bell called a Lancaster Police officer to her office so a report could be taken. Ms. Bell related unfortunately there are

some officers who will not respond to a domestic violence complaint call, therefore she found the applicant's complaints believable.

{¶ 9} Upon cross-examination, Ms. Bell recalled that in the incident involving the offender and the couples' adult son, the son plead guilty to disorderly conduct and the offender was not charged. Ms. Bell stated she was not personally aware if a stay away order against the offender was in effect at the time of this altercation. While Ms. Bell asserted the police had refused to take reports from the applicant, she had no knowledge of police actions prior to the issuance of the CPO. Whereupon, the testimony of Ms. Bell was concluded.

{¶ 10} The applicant was also called to testify. Ms. McCray testified that she was the victim of ongoing domestic violence caused by the offender's abuse of alcohol and prescription medications. She stated she filed for divorce in May 2008. The applicant asserted on May 27, 2008, she was assaulted by her husband. She was at work at the time of this incident so she could not report the incident of May 27th to police. On May 29, 2008, neighbors called police to the applicant's residence as the result of a physical altercation between her son and the offender.

{¶ 11} Based upon her previous experience with police being non-responsive to her complaints against her husband, the applicant went to The Lighthouse to report the incident and obtain a CPO because they would take her claims seriously and accurately report the incidents. The applicant's current CPO covers herself, her son, and her son's girlfriend, and is effective until 2013. Throughout the pendency of the divorce, the offender violated the CPO to the point where the divorce court judge required the offender to wear an ankle bracelet to ensure he would stay away from the applicant's residence. The applicant admitted that she did not report the May 27, 2008 incident to the Lancaster Police Department but felt reporting the incident to The Lighthouse and obtaining a CPO should satisfy the reporting requirement.

{¶ 12} Upon cross-examination, the applicant revealed it was her husband who initiated divorce proceedings, but she did not know the date of the filing. The Attorney

General directed the applicant's attention to the May 29, 2008 incident involving her son and husband. The applicant stated she was not present at the time of the incident. Her husband filed charges against her son and it was at her urging that her son turned himself in. Upon her son's release from jail they went to The Lighthouse to obtain a CPO.

{¶ 13} The applicant testified that she called the Lancaster Police Department on numerous occasions after the CPO was issued to report CPO violations but they would not respond. Finally, the applicant had to contact Nicole Bell so a police report could be made. Whereupon, the testimony of the applicant was concluded. The applicant moved for the admission of Applicant's Exhibit 1.

{¶ 14} The applicant concluded that the incident was timely reported to The Lighthouse, an agent of the prosecutor's office. Furthermore, if this argument is insufficient, the applicant had good cause for failure to timely report since it was undisputed that the Lancaster Police Department refused to take any reports from the applicant. Only by the intervention of Nicole Bell was a written report successfully made. The purpose of the reporting requirement is to identify the offender and protect the victim. Both purposes were achieved in this case. The CPO identified the offender and the offender was ultimately prosecuted for CPO violations.

{¶ 15} The Attorney General stated the incident was not reported within seventy-two hours as is required by R.C. 2743.60(A). The Attorney General urged this panel to rely on the holding of *In re Fields,* V2007-90072tc (6-15-07) affirmed jud (11-13-07), to determine what is reasonable with respect to good cause. The Attorney General argued that describing the incident to employees of The Lighthouse or filing the CPO does not satisfy the reporting requirement, nor should the distrust of police be sufficient to warrant a good cause delay in reporting the incident. Furthermore, filing the CPO does not satisfy the reporting requirement since the court is not a law enforcement agency and no criminal prosecution can result from a CPO hearing. Whereupon, the hearing was concluded.

*V. Controlling Law and Precedent*

{¶ 16} R.C. 2743.60(A) in pertinent part states:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which the claimant bases a claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two-hour period."

{¶ 17} The purpose of the reporting requirement is to: (1) verify the occurrence of the incident and (2) ensure the investigation and/or prosecution of the offender. *In re Ries*, V93-69316tc (1-31-95).

{¶ 18} Good cause for failure to report is to be evaluated upon a standard of reasonableness. *In re Smith*, V77-0741tc (7-10-78). The circumstances under which the criminally injurious conduct occurred should be considered in determining whether good cause exists for the delay in reporting criminally injurious conduct to law enforcement. Each claim must be evaluated on a case-by-case basis. *In re Carmany*, V98-60228jud (10-4-00).

{¶ 19} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

*VI. Panel's Determination*

{¶ 20} The issue before us is whether the reporting requirement contained in R.C. 2743.60(A) was satisfied. Initially, no evidence has been presented that the criminally injurious conduct was reported to law enforcement within seventy-two hours of its occurrence. Therefore, we must decide whether the applicant's six-month delay

in reporting the incident to police constitutes good cause under the statute. To determine good cause we must evaluate the applicant's actions based upon what a reasonable person would do under the same circumstances.

{¶ 21} Black's Law Dictionary defines reasonable as "thinking, speaking, or acting according to the dictates of reason." In the case at bar, the applicant testified to the long-standing domestic violence incidents she endured over the course of her marriage. The applicant testified that her husband had friends and relatives who were employed by the Lancaster Police Department and she believed he used those relationships to cast doubt upon her veracity and credibility. She testified that the police failed to respond to her calls for help and would only come to the scene if the calls were placed by neighbors. Therefore, she did not report the May 27, 2008 incident because she firmly believed the police would not assist her.

{¶ 22} The applicant's testimony was corroborated by Nicole Bell who testified that while working with the prosecutor's office she had to request a Lancaster Police Officer to come to her office to take the applicant's report. Furthermore, the officer in the report stated: "This report is for the state's Attorney General's Office Victims of Crime Compensation." This indicates that the officer had no intention of doing any follow-up investigation but was merely performing a perfunctory obligation. Ms. Bell further testified that "unfortunately there are some officers that choose not to come to residences that have multiple calls." It should be noted that the Attorney General presented no evidence which questioned the veracity of the applicant's testimony.

{¶ 23} In response to the offender's violent conduct, the applicant filed for a civil protection order on June 3, 2008. An ex parte CPO was granted. After a full hearing, the Fairfield County Court of Common Pleas issued an Order of Protection that shall remain in effect until June 3, 2013. Accordingly, a majority of this panel finds that the applicant acted in a reasonable manner to protect herself from further harm, when under the circumstances she felt the police could not afford her adequate protection. It is noted that the offender was criminally prosecuted for violating the CPO.

{¶ 24} We agree with the dissent that the first prong of R.C. 2743.60(A) has not been met. We also agree that our role is to interpret the law and not legislate from the bench. However, we have not done so in this case. The second prong of R.C. 2743.60(A) provides this panel with discretion to determine whether good cause exists. It was with the diligent use of this discretion that we reached our decision in this case.

{¶ 25} We find under the circumstances of this case, that the applicant has shown good cause for her delay in reporting the incident to police. We believe that applicant has satisfied requirements contained in *In re Ries* since the applicant's pattern of conduct consistently evidences the fact that she was a victim of domestic violence; she identified her offender; chose a reasonable course of action to ensure her victimization did not continue; and reported the matter to law enforcement. Whether law enforcement chose to pursue this matter was beyond the control of the applicant. Therefore, we find the Attorney General's decision of February 17, 2009 should be reversed.

RANDI M. OSTRY
Presiding Commissioner

_____
ELIZABETH LUPER SCHUSTER
Commissioner

**Gregory P. Barwell, Commissioner, Dissenting Opinion:**

{¶ 26} I respectfully dissent. I believe the evidence clearly establishes that no police report was filed within seventy-two hours of the criminally injurious conduct. Furthermore, the applicant has not provided good cause for her delay in reporting the incident.

{¶ 27} R.C. 2743.60(A) clearly states: "An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which the claimant bases a

claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for failure to report the conduct within the seventy-two hour period."

{¶ 28} I believe we should follow the mandate of the General Assembly. While a panel of commissioners in the past has made exceptions to the reporting requirement when the conduct was reported to one possessing a statutory obligation to report the incident to police, see *In re Ross*, V2003-40933tc (4-21-04) hospital staff; *In re Michaelis*, V90-36182tc (5-14-91) store manager; *In re Miller* (1993), 63 Ohio Misc. 2d 124, transit authority; *In re Kramer* (1995), 86 Ohio Misc. 2d 4, county children services board; that is not the case here. The Lighthouse, a not-for-profit battered women's shelter, did not have such an obligation. While it may be argued that such an agency should be obligated to assist victims in this manner, that is a matter to be considered by the General Assembly, not this panel.

{¶ 29} The same argument can be made for the Court of Common Pleas in that the applicant filed for a civil protection order. However, the General Assembly specifically limited the reporting requirement to law enforcement agencies. Under R.C. 2901.01(A)(11), "law enforcement officer" is defined as:

{¶ 30} "(a) A sheriff, deputy sheriff, constable, police officer of a township or joint township police district, marshal, deputy marshal, municipal police officer, member of a police force employed by a metropolitan housing authority under division (D) of section 3735.31 of the Revised Code, or state highway patrol trooper;

> (b) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of that statutory duty and authority;
>
> (c) A mayor, in the mayor's capacity as chief conservator of the peace within the mayor's municipal corporation;

(d) A member of an auxiliary police force organized by county, township, or municipal law enforcement authorities, within the scope of the member's appointment or commission;

(e) A person lawfully called pursuant to section 311.07 of the Revised Code to aid a sheriff in keeping the peace, for the purposes and during the time when the person is called;

(f) A person appointed by a mayor pursuant to section 737.01 of the Revised Code as a special patrolling officer during riot or emergency, for the purposes and during the time when the person is appointed;

(g) A member of the organized militia of this state or the armed forces of the United States, lawfully called to duty to aid civil authorities in keeping the peace or protect against domestic violence;

(h) A prosecuting attorney, assistant prosecuting attorney, secret service officer, or municipal prosecutor;

(i) A veterans' home police officer appointed under section 5907.02 of the Revised Code;

(j) A member of a police force employed by a regional transit authority under division (Y) of section 306.35 of the Revised Code;

(k) A special police officer employed by a port authority under section 4582.04 or 4582.28 of the Revised Code;

(l) The house of representatives sergeant at arms if the house of representatives sergeant at arms has arrest authority pursuant to division (E)(1) of section 101.311 of the Revised Code and an assistant house of representatives sergeant at arms;

(m) A special police officer employed by a municipal corporation at a municipal airport, or other municipal air navigation facility, that has scheduled operations, as defined in section 119.3 of Title 14 of the Code of Federal Regulations, 14

C.F.R. 119.3, as amended, and that is required to be under a security program and is governed by aviation security rules of the transportation security administration of the United States department of transportation as provided in Parts 1542. and 1544. of Title 49 of the Code of Federal Regulations, as amended."

{¶ 31} This definition does not include a Court of Common Pleas. Certainly a strong argument can be made that filing for a civil protection order should result in the police being informed of the criminal activity underlying the issuance of such an order. However, the forum for that debate should be in the General Assembly not before this panel. It is our purpose to interpret the law, not create new law.

{¶ 32} Finally, I do not find that the applicant's conduct was reasonable in waiting six months to report the incident to police. By the applicant's own admission she had a contentious relationship with the police, however; she knew The Lighthouse was able to communicate with police when she was not able. Why the applicant waited until her claim with the Attorney General was denied, before she utilized this option can only be known by the applicant. However, the applicant had the opportunity to use this option on her first meeting at The Lighthouse within days of the incident. She chose not to.

{¶ 33} Accordingly, based upon the clear language of R.C. 2743.60(A), I would affirm the decision of the Attorney General. Therefore I respectfully dissent.

_____
GREGORY P. BARWELL
Commissioner

Court of Claims of Ohio

## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ANGELA J. MC CRAY

---

ANGELA J. MC CRAY

      Applicant

Case No. V2009-40226

Commissioners:
Randi M. Ostry, Presiding
Elizabeth Luper Schuster
<u>ORDER OF A TWO-COMMISSIONER PANEL</u>

{¶ 34} IT IS THEREFORE ORDERED THAT

{¶ 35} 1)    Applicant's Exhibit 1 is admitted into evidence;

{¶ 36} 2)    The February 17, 2009 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{¶ 37} 3)    This claim is remanded to the Attorney General for total economic loss calculation and decision;

{¶ 38} 4)    This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶ 39} 5)    Costs are assumed by the court of claims victims of crime fund.

Case No. V2009-40226                    -14-                           ORDER

_____
RANDI M. OSTRY
Presiding Commissioner


_____
ELIZABETH LUPER SCHUSTER
Commissioner

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Fairfield County Prosecuting Attorney and to:

Filed 4-30-2010
Jr. Vol. 2275, Pgs. 68-69
To S.C. Reporter 6-9-2010